**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                )
**UNITED STATES of AMERICA**                     )
                                                )        **Criminal No.**
                           **v.**                )        **15-10338-FDS**
                                                )
**EDWIN GONZALEZ,**                              )
      **a/k/a "SANGRIENTO,"**                     )
                                                )
              **Defendant.**                     )
_____)


**<u>JURY INSTRUCTIONS</u>**


**SAYLOR, J.**

## TABLE OF CONTENTS

DUTY OF THE JURY TO FIND FACTS AND FOLLOW THE LAW ....................................... 1

PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT ............... 2

DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY .......................................... 4

VERDICT BASED SOLELY ON THE EVIDENCE; IMPROPER CONSIDERATIONS ......... 5

THE EVIDENCE .............................................................................................................................. 6

WHAT IS NOT EVIDENCE ........................................................................................................... 7

KINDS OF EVIDENCE—DIRECT AND CIRCUMSTANTIAL ................................................. 8

INFERENCES ................................................................................................................................... 9

CAUTIONARY AND LIMITING INSTRUCTIONS ................................................................. 10

STIPULATIONS ............................................................................................................................ 11

CREDIBILITY OF WITNESSES ................................................................................................. 12

PRIOR INCONSISTENT OR CONSISTENT STATEMENTS .................................................. 13

LAW ENFORCEMENT AND GOVERNMENT WITNESSES ................................................. 14

COOPERATING WITNESSES ..................................................................................................... 15

LAW ENFORCEMENT INVESTIGATIVE TECHNIQUES ..................................................... 16

USE OF RECORDINGS AND TRANSCRIPTS ......................................................................... 17

CHARTS ......................................................................................................................................... 18

NOTE-TAKING ............................................................................................................................. 19

EXHIBIT NUMBERS .................................................................................................................... 20

OVERVIEW OF THE CHARGES—INTRODUCTION ............................................................ 21

CONSPIRACY AND SUBSTANTIVE CRIMES ....................................................................... 22

CONSPIRACY—AGREEMENT .................................................................................................. 23

CONSPIRACY—OBJECT OF THE CONSPIRACY ................................................................. 24

COUNT TWO—RACKETEERING CONSPIRACY—ELEMENTS OF THE CRIME ........... 25

COUNT TWO—FIRST ELEMENT—AGREEMENT ............................................................... 26

COUNT TWO—FIRST ELEMENT—AGREEMENT CHARGED IN THE
        INDICTMENT ...................................................................................................................... 27

COUNT TWO—FIRST ELEMENT—OBJECT OF THE CONSPIRACY ................................ 28

COUNT TWO—FIRST ELEMENT—"ENTERPRISE" ............................................................. 29

COUNT TWO—FIRST ELEMENT—AFFECTING "INTERSTATE COMMERCE" ............. 30

COUNT TWO—FIRST ELEMENT—"RACKETEERING ACTIVITY" .................................. 31

COUNT TWO—FIRST ELEMENT—"PATTERN" ................................................................... 32

COUNT TWO—SECOND ELEMENT—KNOWINGLY AND WILLFULLY ........................ 33

COUNT TWO—SECOND ELEMENT—KNOWLEDGE OF AIMS OF CONSPIRACY ....... 34

COUNT TWO—SECOND ELEMENT—INDIRECT PROOF OF INTENT ............................ 35

COUNT TWO—THIRD ELEMENT—AGREEMENT TO COMMIT RACKETEERING
        ACTS ..................................................................................................................................... 36

COUNT TWO—THIRD ELEMENT—RACKETEERING ACTS ............................................. 37

COUNT TWO—THIRD ELEMENT—NO PROOF OF SPECIFIC RACKETEERING
        ACTS REQUIRED ............................................................................................................... 38

COUNT TWO—THIRD ELEMENT—UNANIMOUS AGREEMENT ON TYPE OF
        RACKETEERING ACTIVITY ............................................................................................ 39

COUNT TWO—DEFINITION OF "MURDER" ........................................................................ 40

COUNT TWO—ATTEMPTED MURDER AND CONSPIRACY TO COMMIT
        MURDER ............................................................................................................................. 46

COUNT TWO—DRUG CONSPIRACY ................................................................................... 48
COUNT TWO—CRIMES THAT DO NOT QUALIFY AS RACKETEERING ACTS............. 49
COUNT TWO—SPECIFIC FINDINGS AS TO MURDERS ................................................... 50
FOREPERSON'S ROLE; UNANIMITY ................................................................................... 51
REACHING AGREEMENT ....................................................................................................... 52
RETURN OF VERDICT FORM ................................................................................................. 53
COMMUNICATION WITH THE COURT ............................................................................... 54

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW THE LAW

It is your duty to find the facts from the evidence admitted in this case.  To those facts, you must apply the law as I give it to you.  The determination of the law is my duty as the judge.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.

In following my instructions, you must follow all of them, and not single out some and ignore others.  They are all important.

You must not interpret these instructions, or anything I may have said or done, as a suggestion by me as to what verdict you should return—that is a matter entirely for you to decide.

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

Every person accused of a crime is presumed to be innocent unless and until his guilt is proved beyond a reasonable doubt. The presumption is not a mere formality. It is a fundamental principle of our system of justice.

The presumption of innocence means that the burden of proof is always on the government to prove that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt.

This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt. The defendant does not have to prove that he is innocent, or present any evidence or call any witnesses.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of the defendant. You may not convict the defendant of the crime charged against him if the government fails, or is unable, to prove every element of that crime beyond a reasonable doubt.

You may not convict the defendant based on speculation or conjecture.

You may not convict the defendant if you decide that it is equally likely that he is guilty or not guilty. If you decide that the evidence would reasonably permit either of two conclusions—either that he is guilty as charged, or that he is not guilty—you must find the defendant not guilty.

You may not convict the defendant if you decide that it is only probable, or even strongly probable, that he is guilty. A mere probability of guilt is not guilt beyond a reasonable doubt.

The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. There are very few things in this world that

we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Again, the defendant is presumed to be innocent, and the government bears the burden of proving him guilty beyond a reasonable doubt.  If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt, it is your duty to acquit him. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt as to his guilt, it is your duty to convict him.

## DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

Like all defendants, the defendant in this case has a constitutional right not to testify.  No inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify.  That fact should not enter in any way in your deliberations or your vote.  For any of you to do so would be wrong; indeed, it would be a violation of your oath as a juror.

**VERDICT BASED SOLELY ON THE EVIDENCE; IMPROPER CONSIDERATIONS**

Your verdict must be based solely upon the evidence. It would be improper for you to base your verdict on anything that is not evidence.

You may not base your verdict on any personal feelings, prejudices, or sympathies you may have about the defendant or about the nature of the crimes with which he is charged.

You may not consider or be influenced by any possible punishment that may be imposed on the defendant.

Again, your verdict must be based solely on the evidence and according to the law.

**THE EVIDENCE**

The evidence in this case consists of the sworn testimony of witnesses, both on direct and cross-examination; the exhibits that have been received into evidence; and any facts to which the parties have agreed or stipulated.  You should consider all of the evidence, no matter what form it takes, and no matter which party introduced it.

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called, or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.

## WHAT IS NOT EVIDENCE

Certain things are not evidence.

(1)  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of the facts should control.

(2)  Questions by lawyers, standing alone, are not evidence.  Again, the lawyers are not witnesses.  The question and the answer taken together are the evidence.

(3)  Objections by lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question or an exhibit is improper under the rules of evidence.  You should not be influenced by any objection or by my ruling on it, and you should not speculate or guess about what the answer might have been or what an exhibit might have said.

(4)  Anything that I have struck or instructed you to disregard is not evidence.

(5)  The indictment is not evidence.

(6)  Anything you may have seen or heard when the court was not in session is not evidence.  You must decide the case solely on the evidence received at trial.

## KINDS OF EVIDENCE—DIRECT AND CIRCUMSTANTIAL

Evidence may take the form of either "direct evidence" or "circumstantial evidence." "Direct evidence" is direct proof of a fact, such as testimony from an eyewitness that the witness saw something.  "Circumstantial evidence" is indirect evidence; that is, proof of a fact (or facts) from which you could draw a reasonable inference that another fact exists, even though it has not been proved directly.

You are entitled to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both.  It is for you to decide how much weight to give to any particular piece of evidence, whether direct or circumstantial.

## INFERENCES

Although you may consider only the evidence presented in the case, you are not limited to the plain statements made by witnesses or contained in the documents.  In other words, you are not limited solely to what you saw and heard as the witnesses testified.

You are also permitted to draw reasonable inferences from the facts, if you believe those inferences are justified in light of common sense and personal experience.  An inference is simply a deduction or conclusion that may be drawn from the facts that have been established. Any inferences you draw must be reasonable, and based on the facts as you find them. Inferences may not be based on speculation or conjecture.

## CAUTIONARY AND LIMITING INSTRUCTIONS

A particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

**STIPULATIONS**

Some of the evidence has been received in the form of a stipulation.  A stipulation simply means that the government and the defendant accept the truth of a particular proposition or fact.

Because there is no disagreement, there is no need for evidence as to that issue apart from the stipulation.  You may accept the stipulation as a fact to be given whatever weight you choose.

## CREDIBILITY OF WITNESSES

You do not have to accept the testimony of any witness if you find that the witness is not credible.  You must decide which witnesses to believe, considering all of the evidence and drawing upon your common sense and personal experience.  You may believe all of the testimony of a witness, or some of it, or none of it.  You alone are the judges of the witnesses' credibility.

In deciding whether to believe testimony of the witnesses, you may want to take into consideration such factors as their conduct and demeanor while testifying; any apparent fairness or unfairness they may have displayed; any interest they may have in the outcome of the case; any prejudice or bias they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other evidence that tends to support or contradict their versions of the events.

If a witness testified falsely about any significant matter, you may choose to distrust the testimony of that witness in other respects.  You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

**PRIOR INCONSISTENT OR CONSISTENT STATEMENTS**

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony to believe or how much weight to give that testimony.  In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.  You alone are the judges of the witnesses' credibility.

Conversely, you may have heard evidence that before a witness testified in this trial, he made statements that were the same as, or similar to, what he said in the courtroom.  You may consider evidence of this statement in determining the facts of this case.  In addition, this evidence may help you decide whether you believe the witness' testimony.  If someone said essentially the same thing before trial, it may be reason for you to believe that person's testimony in court.  Again, you alone are the judges of the witnesses' credibility.

**LAW ENFORCEMENT AND GOVERNMENT WITNESSES**

You have heard the testimony of law enforcement officers and other witnesses employed by the government.  You may accept or reject that testimony.  The fact that a witness may be employed as a law enforcement officer or by the government does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or less weight than that of any other witness.

## COOPERATING WITNESSES

You have heard the testimony of witnesses who have entered into cooperation agreements with the government.

The law allows the government to enter into such agreements, to make promises of potential rewards for cooperation, and to call as witnesses people to whom such promises have been given.  The government may give or promise different types of benefits to such persons, including such things as assistance with immigration matters.

However, a witness who participated in criminal activity, and who has entered into a cooperation agreement with the government, has an interest in the outcome of the case that is different from that of an ordinary witness.  A cooperating witness may, of course, testify truthfully in all respects.  But such a witness may also have a motive to tailor his or her testimony to please the government.  You should therefore examine the testimony of a cooperating witness with caution and weigh it with greater care.

Again, it is for you to decide whether to accept the testimony of any witness, and what weight, if any, to give to that testimony.

## LAW ENFORCEMENT INVESTIGATIVE TECHNIQUES

You have heard testimony that law enforcement used certain investigative techniques. You may consider that testimony as you would any other evidence, and give it such weight as you believe it may deserve under the circumstances.

The government is entitled under the law to use undercover or cooperating witnesses, or to make audio or video recordings, in order to collect evidence in a case. It is up to you to decide whether the evidence is sufficient to prove the guilt of the defendant beyond a reasonable doubt. You may not, however, base your verdict on any disagreement with the use of such investigative techniques, or because you believe the government acted illegally or improperly.

You have heard testimony that law enforcement conducted certain testing procedures, and you have heard the results of those tests. Again, you may consider that testimony as you would any other evidence, and give it such weight as you believe it may deserve under the circumstances. Likewise, you may make reasonable inferences from the fact that certain tests were inconclusive, that certain tests were not conducted, or that certain investigative techniques were not used. Any such inferences, however, should not be based on unfounded speculation or conjecture about what the results of such tests or techniques might have been. There is no legal requirement that the government use any specific investigative tests or techniques or all possible tests or techniques to prove its case.

## USE OF RECORDINGS AND TRANSCRIPTS

Some of the evidence in this case consists of English translations of recorded conversations that took place in Spanish.

As I have instructed you, the written transcripts were prepared by the government, and reflect its view as to what was said, what the correct translation is, and who is speaking.  It is for you to decide, based on all the evidence, whether those transcripts are accurate and whether the identity of the speakers has been proven.  In other words, just because it is written in a transcript does not mean that it is necessarily accurate.

**CHARTS**

Certain charts have been shown to you in order to help explain the facts disclosed by the evidence in the case.  They are not themselves evidence.  If they do not correctly reflect the evidence in the case, you should not accept them.

**NOTE-TAKING**

As I indicated at the beginning of the trial, you have been permitted to take notes, but some cautions apply.  You should bear in mind that not everything that is written down is necessarily what was said.  When you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Notes are an aid to recollection, nothing more; the fact that something is written down does not mean that it is necessarily accurate.

**EXHIBIT NUMBERS**

The numbers assigned to the exhibits are for convenience and in order to ensure an orderly procedure.  You should draw no inference from the fact that a particular exhibit was assigned a particular number, or that there may be gaps in the number sequence.

## OVERVIEW OF THE CHARGES—INTRODUCTION

I am now going to give you some instructions on the nature of the crime charged in the indictment and the elements of the crime that the government must prove beyond a reasonable doubt. I will begin by giving you an overview of the charges against the defendant.

The indictment contains just one count against the defendant. This is Count 2 of the indictment, because there are other counts in the indictment against other defendants who are not part of this trial. You do not have to make any findings as to any other counts and should not speculate on what other charges may have been brought against other defendants.

### Racketeering Conspiracy

The defendant is charged in Count 2 with conspiracy to commit racketeering. Racketeering is a crime under federal law. Conspiracy to commit racketeering is also a crime under federal law—it is a separate crime from racketeering.

"Racketeering" means conducting the affairs of an "enterprise" that affects "interstate commerce" through a "pattern" of "racketeering activity." Each of those terms has a particular meaning, which I will explain to you.

### Finding as to Specific Murders

If you find the defendant guilty of the racketeering conspiracy charge, you will be asked to make an additional finding as to whether the defendant is responsible for one or more specific murders as part of the racketeering conspiracy.

In particular, you will be asked to find whether the defendant committed, or knowingly participated in, the murder of Wilson Martinez in East Boston, Massachusetts, on September 7, 2015. You will also be asked to find whether the defendant committed, or knowingly participated in, the murder of Cristofer de la Cruz in East Boston, Massachusetts, on January 10, 2016.

21

## CONSPIRACY AND SUBSTANTIVE CRIMES

A conspiracy is an agreement to commit a crime. Again, it is a separate crime from the crime that is the object of the conspiracy—what we sometimes call the "substantive" crime.

I will give you a simple example to help illustrate the difference between a crime and a conspiracy to commit that crime. It is a federal crime to commit bank robbery. (This case, of course, does not involve an alleged bank robbery; I am using this only as an illustration.) If a person robs a bank, he has committed a bank robbery. If three people agree to rob a bank—one thinks up the plan, one agrees to rob the bank, and one agrees to drive the getaway car—all three have conspired to rob the bank.

## CONSPIRACY—AGREEMENT

Again, a conspiracy is an agreement to commit a crime.  The agreement may be spoken or unspoken.  It does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  The government, however, must prove beyond a reasonable doubt that those who were involved intended to agree and shared a general understanding about the crime.

Mere similarity of conduct among various people, or the fact that they may have met with each other or discussed common aims and interests, does not by itself establish the existence of a conspiracy.  Mere association with other persons, even persons involved in criminal activity, does not by itself establish the existence of a conspiracy.  You may, however, consider such factors in deciding whether a conspiracy existed.

## CONSPIRACY—OBJECT OF THE CONSPIRACY

The object of a conspiracy must be one or more crimes. To go back to my bank robbery example, the object of the conspiracy among the three persons was to rob a bank, which is itself a crime.

A conspiracy is complete, and the crime has occurred, once the agreement has occurred. The government does not have to prove that the conspiracy succeeded or that its objects were achieved.

In my bank robbery example, the three conspirators committed the crime of conspiracy as soon as they agreed to rob the bank. Even if they had been arrested before the robbery occurred, or if the robbery had been attempted but failed, they would have nonetheless committed the crime of conspiracy to commit bank robbery. Even if one of the conspirators later changed his mind, and decided to break into a house that day rather than rob a bank, they would have nonetheless committed the crime of conspiracy to commit bank robbery. But if all three people thought that the object was to commit a crime, but one of them thought it was a different type of crime—for example, if he thought it was an agreement to break into a house—that person would not have conspired with the others to commit bank robbery.

24

**COUNT TWO—RACKETEERING CONSPIRACY—ELEMENTS OF THE CRIME**

I will now turn to the elements of the crimes that the government must prove in this case. Again, the defendant is charged in Count 2 with conspiracy to commit racketeering.

For you to find the defendant guilty of Count 2, you must be convinced that the government has proved each of the following things beyond a reasonable doubt:

First, that there was a conspiracy to commit the crime of racketeering—that is, an agreement among two or more persons to conduct the affairs of an enterprise affecting interstate commerce through a pattern of racketeering activity;

Second, that the defendant knowingly and willfully agreed to participate in that conspiracy; and

Third, that the defendant or another member of the conspiracy agreed to commit at least two racketeering acts.

I will now explain those elements in detail.

## COUNT TWO—FIRST ELEMENT—AGREEMENT

The first element that the government must prove beyond a reasonable doubt is that there was a conspiracy to commit the crime of racketeering—that is, that there was an agreement among two or more persons to conduct the affairs of an "enterprise" affecting "interstate commerce" through a "pattern" of "racketeering activity."

I have already explained to you what a "conspiracy" is. In a moment, I will explain the terms "enterprise," "interstate commerce," "pattern," and "racketeering activity."

## COUNT TWO—FIRST ELEMENT—AGREEMENT CHARGED IN THE INDICTMENT

Again, the government must prove the existence of an agreement among two or more persons to commit the crime of racketeering.  The government must prove the existence of the agreement charged in the indictment, and not some other agreement.

The indictment alleges that from an unknown time and continuing until in or about January 2016, at East Boston, Chelsea, Somerville, Everett, and elsewhere in Massachusetts, the defendant knowingly conspired with other persons to participate, directly or indirectly, in the affairs of the MS-13 criminal enterprise through a pattern of racketeering activity.

The indictment alleges that the defendant and his co-conspirators are members or associates of the transnational criminal street gang called MS-13.  It further alleges that MS-13 is organized into smaller groups called cliques; that each clique has its own leaders, or runners; and that members of MS-13 engage in criminal activity involving violence, primarily directed at rival gang members.

The defendant and his co-conspirators are alleged to have conspired to conduct and participate in the conduct of the affairs of the MS-13 criminal enterprise through a pattern of racketeering activity that included murder, attempted murder, and illegal drug trafficking.

If you find beyond a reasonable doubt that a conspiracy of some kind existed between the defendant and some other person, that by itself is not sufficient to find the defendant guilty. Again, the government is required to prove, beyond a reasonable doubt, the existence of the conspiracy specified in the indictment.

### COUNT TWO—FIRST ELEMENT—OBJECT OF THE CONSPIRACY

Again, the object of the conspiracy must be a crime.  Here, the indictment alleges that the object of the conspiracy was the crime of racketeering—specifically, to conduct the affairs of MS-13 through a pattern of racketeering activity.

**COUNT TWO—FIRST ELEMENT—"ENTERPRISE"**

An "enterprise" is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time.  It may be a group of individuals associated in fact, although not a formal or legal entity.

The "enterprise," in addition to having a common purpose, must have an ongoing organization, either formal or informal, and it must have personnel who function as a continuing unit.  The membership of the enterprise may change over time by adding or losing individuals during the course of its existence.

Here, the indictment alleges that the enterprise was an organization known as La Mara Salvatrucha, or MS-13.

**COUNT TWO—FIRST ELEMENT—AFFECTING "INTERSTATE COMMERCE"**

The "enterprise" must be one affecting "interstate commerce."  "Interstate commerce" means the movement of goods, services, money, and individuals between states.  It also includes foreign commerce (that is, commerce between the United States and a foreign nation).  It includes, among other things, the use of interstate or international mail, wire, telephone, or banking facilities to conduct the affairs of the enterprise; the movement of persons across state or international borders to conduct the affairs of the enterprise; and the possession of firearms on behalf of the enterprise that had been previously transported across state or international borders.

The government must prove that the enterprise was intended to engage in interstate commerce or affect interstate commerce; however, the effect need not be substantial or significant.  A minimal effect is sufficient.  The government does not have to prove that the enterprise actually affected interstate commerce, or that the defendant knew he was affecting interstate commerce.

## COUNT TWO—FIRST ELEMENT—"RACKETEERING ACTIVITY"

The "enterprise" must be one "affecting interstate commerce" through a "pattern" of "racketeering activity."  I will first define "racketeering activity," and then define "pattern."

"Racketeering activity" consists of "racketeering acts."  "Racketeering acts" are certain specific crimes defined by federal law.  The racketeering acts alleged in the indictment in this case are the following crimes:

> murder,
>
> assault with intent to commit murder,
>
> armed assault with intent to commit murder,
>
> conspiracy to commit murder, and
>
> criminal offenses involving drug trafficking.

In a moment, I will explain those crimes in more detail.

## COUNT TWO—FIRST ELEMENT—"PATTERN"

A "pattern" of racketeering activity consists of two or more racketeering acts that are related and pose a threat of continued criminal activity.

To prove that the acts of racketeering are "related," the government must prove that the acts had a meaningful connection to the enterprise, and that they had the same or similar purposes, results, participants, victims, or methods of commission, or that they are otherwise interrelated by distinguishing characteristics and not merely isolated events.  The acts may be dissimilar or not directly related to each other, as long as they are related to the enterprise.  A series of disconnected crimes does not constitute a pattern of racketeering activity.

Examples of "related" racketeering acts are acts that benefit the enterprise, that are authorized by the enterprise, or that further or promote the purposes of the enterprise.

To prove that racketeering acts pose a threat of "continued racketeering activity," the government must prove that the acts are not a series of disconnected crimes, but part of a long-term association that exists for criminal purposes.

**COUNT TWO—SECOND ELEMENT—KNOWINGLY AND WILLFULLY**

The second element that the government must prove beyond a reasonable doubt is that the defendant knowingly and willfully agreed to participate in the conspiracy charged in the indictment.

A defendant acted "knowingly" if he acted with knowledge and awareness of his actions, and did not act out of ignorance, mistake, neglect, or accident.

A defendant acted "willfully" if he acted voluntarily and intentionally, and with the specific intent to do something the law forbids—that is, with a bad purpose either to disobey or to disregard the law.

**COUNT TWO—SECOND ELEMENT—KNOWLEDGE OF AIMS OF CONSPIRACY**

The government must prove that the defendant agreed to participate in the conspiracy with knowledge of its basic aims and unlawful purpose and with the specific intention of furthering its objectives.

The government does not have to prove that the defendant knew the identities of each and every other member of the conspiracy.  It does not have to prove that the defendant was aware or informed of all of the activities of the other members, all of the details of the conspiracy, or its complete scope.  However, it must prove that the defendant knew at least some of the essential purposes or objectives of the conspiracy and intended to aid in the accomplishment of its objectives.

It is not enough for the government to prove, without more, that the defendant simply knew of, or acquiesced in, the conspiracy.  The fact that a defendant merely happened to further the purposes or objectives of the conspiracy, without more, is not sufficient.

## COUNT TWO—SECOND ELEMENT—INDIRECT PROOF OF INTENT

Ordinarily, knowledge or intent may not be proved directly, because there is no way of directly scrutinizing the workings of the human mind.  Knowledge and intent must be proved indirectly.

In determining what a defendant knew or intended at a particular time, you may consider any statements he may have made; anything that he did, or failed to do; and any other evidence that may reflect his knowledge or intent.  You may infer—although you are not required to—that a person intends the natural and probable consequences of his acts when those acts are done knowingly.

## COUNT TWO—THIRD ELEMENT—AGREEMENT TO COMMIT RACKETEERING ACTS

The third element that the government must prove beyond a reasonable doubt is that the defendant or another member of the conspiracy agreed to commit at least two racketeering acts.

The government must prove that the defendant agreed that the objective of the enterprise would be to engage in a pattern of racketeering activity.  In other words, the government must prove that the defendant agreed to participate in the conspiracy, and that the conspiracy involved, or would involve, the commission of at least two racketeering acts.  The government is not required to prove that the defendant agreed to personally commit two racketeering acts or that he actually committed two such acts.  However, the government must prove that the defendant intended to further an endeavor that would have satisfied, or actually did satisfy, the requirement of a pattern of racketeering activity.

## COUNT TWO—THIRD ELEMENT—RACKETEERING ACTS

Again, the definition of "racketeering acts" is limited to a specific list of crimes set by statute.  Furthermore, the indictment charges that the pattern of racketeering activity engaged in by the enterprise (that is, by MS-13) consisted of certain specific types of crimes—for example, those involving murder and drug trafficking.

There are many other crimes that do not qualify as "racketeering acts."  In order to be convicted of conspiracy to commit racketeering, the government must prove that the defendants agreed that one or more members of the enterprise would commit crimes that qualify as racketeering acts by law, and that are specified in the indictment.

In order to decide that, you need to know the definitions of those crimes.  Therefore, I will instruct you on the elements of those crimes.  I will also instruct you on the definitions of certain related crimes that are *not* racketeering acts or are not charged as such in the indictment, to try to give you a reasonably clear picture of what the law requires.

## COUNT TWO—THIRD ELEMENT—NO PROOF OF SPECIFIC RACKETEERING ACTS REQUIRED

Because the defendant is charged with conspiracy, it is not necessary for the government to prove that anyone actually committed two or more racketeering acts.  Indeed, the government does not have to prove that any racketeering act occurred at all.  Thus, for example, as long as the defendant agreed to participate in the conduct of an enterprise with the knowledge that some member or combination of members would engage in at least two murders, the government need not prove that any murders ever happened, or that the defendant specifically agreed that the enterprise or any member of the enterprise would murder any specific person on any specific day.

## COUNT TWO—THIRD ELEMENT—UNANIMOUS AGREEMENT ON TYPE OF RACKETEERING ACTIVITY

Again, the government is not required to prove that any specific acts are racketeering acts, or that any such acts occurred at all.  However, the government must prove that the defendant agreed to join an enterprise that engaged in the *particular types* of racketeering acts alleged in the indictment.  You must unanimously agree on which type or types of racketeering activity that the defendant agreed the enterprise would conduct—for example, at least two acts of murder or at least two acts of drug trafficking, or both of them, or any combination of them.

## COUNT TWO—DEFINITION OF "MURDER"

One crime that qualifies as type of a racketeering act is the crime of murder.

Murder is the unlawful killing of a human being.  Murder may be committed in the first degree or the second degree.

In essence, first-degree murder requires either premeditation or extreme atrocity or cruelty, and second-degree murder does not.  In this case, the distinction between first-degree and second-degree murder is not relevant, and therefore I will simply describe the elements of murder.

To find a defendant guilty of murder, the government must prove that the defendant

(1) caused the victim's death, *and*

(2) acted with malice.

A defendant's act "caused" a victim's death if the act, in a natural and continuous sequence, results in death, and if the death would not have occurred without the act.

A defendant acted with "malice" if he (1) intended to kill the victim, (2) intended to cause grievous bodily harm to the victim, *or* (3) intended to do an act which, in the circumstances known to the defendant, a reasonable person would have known created a plain and strong likelihood that death would result.  Malice can be proved in any one of those three ways, and the government satisfies its burden of proof if it proves any one of the three.

The first alternative is that the defendant intended to kill the victim.  Intent refers to the defendant's objectives or purposes.  A defendant must have had it in his mind to kill the victim. It involves concentrating or focusing the mind for some perceptible period.  It is a conscious act, with the determination of the mind to do the act.  It is contemplation rather than reflection, and it must precede the act.  A defendant must have possessed an actual, subjective intent to kill.

40

The second is that the defendant intended to cause grievous bodily harm to the victim. Grievous bodily harm means severe injury to the body.

The third is that the defendant intended to do an act which, in the circumstances known to the defendant, a reasonable person would have known created a plain and strong likelihood that death would result.  You must first determine whether the defendant intended to perform the act that caused the victim's death.  You must then determine what the defendant himself actually knew about the relevant circumstances at the time he acted.  You must then determine whether, under the circumstances known to the defendant, a reasonable person would have known that the act intended by the defendant created a plain and strong likelihood that death would result.

You are permitted (but not required) to infer that a defendant who intentionally uses a dangerous weapon on another person intends to kill that person.

## COUNT TWO—MURDER—LACK OF MITIGATING CIRCUMSTANCES

To prove the defendant guilty of murder, the government is also required to prove beyond a reasonable doubt that there were no mitigating circumstances that reduce the defendant's culpability.

A mitigating circumstance is a circumstance that reduces the seriousness of the offense in the eyes of the law.  A killing that would otherwise be murder is reduced to the lesser offense of voluntary manslaughter if the government has failed to prove that there were no mitigating circumstances.  Therefore, if the government proves all the required elements of murder, but fails to prove beyond a reasonable doubt that there were no mitigating circumstances, the defendant is not guilty of murder, although he may be guilty of voluntary manslaughter.

Heat of passion, on reasonable provocation, may be a mitigating circumstance.  Heat of passion includes the states of mind of passion, anger, fear, fright, and nervous excitement.

Reasonable provocation is provocation by the person killed that (1) would be likely to produce such a state of passion, anger, fear, fright, or nervous excitement in a reasonable person as would overwhelm his capacity for reflection or restraint and (2) did actually produce such a state of mind in the defendant.  The provocation must be such that a reasonable person would have become incapable of reflection or restraint and would not have cooled off by the time of the killing, *and* that the defendant himself was so provoked and did not cool off at the time of the killing.  In addition, there must be a causal connection between the provocation, the heat of passion, and the killing.  The killing must occur after the provocation and before there is sufficient time for the emotion to cool, and must be the result of the state of mind induced by the provocation, rather than by a preexisting intent to kill or grievously injure, or an intent to kill formed after the capacity for reflection or restraint has returned.

42

Mere words, no matter how insulting or abusive, do not by themselves constitute reasonable provocation.

Physical contact, even a single blow, may amount to reasonable provocation.  Whether the contact is sufficient will depend on whether a reasonable person under similar circumstances would have been provoked to act out of emotion rather than reasoned reflection.  The heat of passion must also be sudden; that is, the killing must have occurred before a reasonable person would have regained control of his emotions.

Intoxication or impairment by drugs or alcohol is not a mitigating circumstance, although, as I told you, you may consider any credible evidence of intoxication or impairment in determining a person's intent.

If the government has not proved beyond a reasonable doubt the absence of heat of passion on reasonable provocation, the government has not proved that the defendant committed the crime of murder.

## COUNT TWO—KNOWING PARTICIPATION IN MURDER

In order to be guilty of murder, it is not necessary that the defendant himself performed the act that caused the victim's death.  A person may be guilty of murder if he knowingly participates with one or more other persons to commit a murder, even if he himself did not kill the victim.

To establish that a defendant is guilty of murder under such circumstances, the government must prove two things beyond a reasonable doubt.  First, the government must prove that the defendant "knowingly participated" in the commission of a murder.  Second, the government must prove that he possessed or shared the intent required for that murder.

The first requirement is that the defendant "knowingly participated" in the murder.  Such knowing participation may take the form of any or all of the following:

(1)  personally committing an act of murder;

(2)  providing aid or assistance to another person to commit a murder;

(3)  asking or encouraging another person to commit a murder;

(4)  helping to plan the commission of a murder;

(5)  agreeing to stand by at, or near, the scene of the crime to act as a lookout; or

(6)  agreeing in advance of the murder to provide aid or assistance in escaping, if such help becomes necessary.

The second requirement is that the defendant intended to commit or participate in a murder.  You are permitted, but not required, to infer a defendant's mental state or intent from his knowledge of the circumstances or his participation in the crime.  Any inferences you draw, however, must be reasonable.  It is not necessary that the defendant enter into a formal or explicit written or oral plan or agreement to commit or participate in the murder.

Mere presence at the scene of the crime, without more, is not sufficient to prove intent. Mere knowledge that a murder is to be committed is not sufficient, even if a person knew about the intended murder in advance and took no steps to prevent it.  Nor is mere association with the perpetrator of the murder, either before or after its commission.  To find a defendant guilty, there must be proof that he knowingly participated in the murder and that he intended to commit or participate in a murder.

## COUNT TWO—ATTEMPTED MURDER AND CONSPIRACY TO COMMIT MURDER

In addition to murder, the following crimes also qualify as racketeering acts:

### Assault with Intent to Murder

The crime of assault with intent to murder punishes the attempted commission of a murder.  The elements of assault with intent to murder are (1) that the defendant assaulted another person, and (2) that the defendant possessed a specific intent to kill.

An assault is an attempted or threatened battery, which is a harmful or offensive touching of another.  The assault must be committed with a specific intent to kill the victim (which may be inferred from the defendant's conduct).

### Armed Assault with Intent to Murder

Armed assault with intent to murder is an aggravated form of assault with intent to murder.  The elements of armed assault with intent to murder are (1) that the defendant assaulted another person, (2) that the defendant possessed a specific intent to cause the death of the person assaulted, and (3) that, at the time of the assault, the defendant was armed with a dangerous weapon.  A dangerous weapon is any instrument that by the nature of its construction or the manner of its use is capable of causing grievous bodily injury or death, or could be perceived by a reasonable person as capable of causing such injury.  The defendant need not display, use, or otherwise make the victim aware of the dangerous weapon to be guilty of armed assault with intent to murder.

### Conspiracy to Commit Murder

The elements of conspiracy to commit murder are (1) an agreement or plan between two or more persons, (2) to commit murder, where (3) the defendant knowingly joined the conspiracy with intent that the murder be accomplished.  The essence of criminal conspiracy is the knowing agreement to commit an unlawful act; thus, the defendant need not have taken any concrete steps

46

to carry out the plan.  Evidence that an individual learned of a murder after it was committed is not sufficient, by itself, to establish that he joined a conspiracy to commit murder.

## COUNT TWO—DRUG CONSPIRACY

It is a federal crime to conspire to distribute controlled substances, including cocaine, and to possess such substances with the intent to distribute them.  That crime also qualifies as a racketeering act.  I will explain the elements of that crime in a moment.

## COUNT TWO—CRIMES THAT DO NOT QUALIFY AS RACKETEERING ACTS

The following crimes under federal and Massachusetts law do *not* qualify as "racketeering acts" *or* are not charged as such in the indictment.

### Accessory After the Fact to Murder and Attempted Murder

A defendant is guilty of the crime of being an accessory after the fact to a murder or attempted murder if he (1) knows that another person has committed a murder or attempted murder and (2) harbors, conceals, maintains, or assists that person (3) with the intent that the person shall avoid or escape detention, arrest, trial, or punishment.

### Firearms Offenses

Various state and federal firearms laws forbid the possession and sale of unlicensed firearms and the possession of firearms by individuals who have been previously convicted of a federal crime.

### Immigration Offenses

Various federal laws forbid individuals from entering the United States unlawfully, or helping others enter unlawfully.

## COUNT TWO—SPECIFIC FINDINGS AS TO MURDERS

If (and only if) you find the defendant guilty of racketeering conspiracy, you must then make a finding as to whether the defendant is responsible for one or more specific murders as part of the racketeering conspiracy.  If you find the defendant not guilty of racketeering conspiracy, you do not need to make any further findings as to the defendant.  Even if you find the defendant guilty of racketeering conspiracy, you need not find him responsible for a particular murder.  The question of whether the defendant is responsible for a particular murder is a separate question, requiring a separate verdict.

If you find the defendant guilty of racketeering conspiracy, you must then determine whether the defendant committed the murder, or knowingly participated in the murder, of Wilson Martinez in East Boston, Massachusetts, on September 7, 2015.

If you find the defendant guilty of racketeering conspiracy, you must also determine whether the defendant committed the murder, or knowingly participated in the murder, of Cristofer de la Cruz in East Boston, Massachusetts, on January 10, 2016.

I have already defined the term "murder" for you.  It includes both actual commission of a murder and knowing participation in a murder.

You may only find the defendant responsible for a particular murder if the murder was part of the pattern of racketeering activity of the enterprise.

The government must prove beyond a reasonable doubt that the defendant is responsible for a particular murder.  Any finding you make must be unanimous—that is, all of you must agree that the defendant is responsible for a particular murder.

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.  When you retire, you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous—that is, all of you must agree on the verdict.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

It is important that you reach a verdict if you can do so conscientiously.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## RETURN OF VERDICT FORM

I want to explain to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

**[The court explains the verdict form.]**

After you have reached a unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send through the jury officer a note signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.

When you are communicating with me, please do not tell me—or anyone else—how the jury stands numerically or toward which decision the jury is leaning.