UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA | )<br>)<br>) Criminal No. |
| v. | ) 15-10338-FDS-32<br>) |
| EDWIN GONZALEZ, | )<br>) |
| Defendant. | )<br>) |

### ORDER ON DEFENDANT'S LETTER SEEKING AN EXTENSION OF TIME TO FILE § 2255 MOTION

**SAYLOR, C.J.**

Edwin Gonzalez seeks, in substance, an extension of time to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. In June 2018, Gonzalez was convicted of one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d) following a jury trial. He was sentenced to a term of life imprisonment. Through counsel, he filed a timely appeal. The First Circuit affirmed his conviction and sentence, and the Supreme Court denied his petition for a writ of certiorari on March 22, 2021.

On February 13, 2023, the Clerk received and filed a letter from Gonzalez requesting an extension of time to file an "appeal," which the Court construes as a request for an extension of time to file a § 2255 motion. (*See* ECF 3310). In substance, he seeks equitable tolling of the limitations period. Attached to his letter is a memorandum from the U.S. Department of Justice—addressed to him and dated February 6, 2023—that states:

> Throughout the year of 2022 you were part of a mass movement of inmates from across the United States to be transferred to USP Lewisburg. As a result there have been delays in receiving, securing, inspecting and issuing property to those incoming inmates involved with the movement. You arrived on March 17, 2022 and as of February 6, 2023, you have not yet received all of your property. If this delay is causing you

> difficulties in meeting a legal deadline, you may use this response to send to the court in which you have issues pending to confirm you have not received your property and request an extension.

(*Id.*).  Gonzalez has not yet filed a § 2255 motion.

While the First Circuit has held that "section 2255(f)'s limitations period . . . is non-jurisdictional," *Ramos-Martinez v. United States*, 638 F.3d 315, 321 (1st Cir. 2011), it has not reached the issue of whether a court can rule on a motion for an extension of time to file a § 2255 petition when no such petition is pending.  All of the circuits but one to consider the issue, however, have concluded that a court lacks jurisdiction to do so:

> In *Green v. United States*, 260 F.3d 78 (2d Cir. 2001), the court held that "a district court may grant an extension of time to file a motion pursuant to section 2255 only if . . . the moving party requests the extension upon or after filing an actual section 2255 [petition]." 260 F.3d 79, 82 (2d Cir. 2001).  Relying on *United States v. Leon*, 203 F.3d 162 (2d Cir. 2000) (per curiam), the court reasoned that before the filing of the § 2255 petition there was no case or controversy before the court, so any opinion would be merely advisory.  *Green*, 260 F.3d at 82.  All but one of the other circuits to consider this issue have followed *Green*'s lead.  *United States v. Moore*, 56 Fed. Appx. 686, 687 (6th Cir. 2003) (per curiam); *United States v. White*, 257 Fed. Appx. 608, 609 (4th Cir. 2007) (per curiam); *United States v. McFarland*, 125 Fed. Appx. 573, 574 (5th Cir. 2005) (per curiam); *Swichkow v. United States*, 565 Fed. Appx. 840, 844 (11th Cir. 2014) (per curiam); *United States v. Glover*, 2006 WL 3798926, at *1 (D.C. Cir. June 27, 2006) (per curiam).  *But see United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013) ("[U]nder § 2255, a motion for an extension of time can be decided prior to a formal request for relief because the underlying prosecution satisfies Article III's case or controversy requirement.").

*Csanadi v. United States*, 2022 WL 4120778, at *2 (D. Conn. Sept. 9, 2022) (footnote omitted); *cf. Drewry v. Maine*, 2014 WL 4987938, at *1 (D. Me. Oct. 7, 2014) ("[A]bsent the filing of a habeas petition, or the inclusion of grounds for substantive habeas relief in the motion to enlarge the time to file the petition, the Court is without jurisdiction to grant the moving party an enlargement of time to file a section 2254 petition.").

Under the circumstances, the Court will follow the majority rule, and deny the request without prejudice.  "If or when [Gonzalez] actually files a § 2255 petition, . . . this court may

2

consider his argument that such a petition should be considered timely.  Until then, [it lacks] jurisdiction to consider the matter." *See United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam).  The Court expresses no view at this stage as to whether equitable tolling should apply, and if so to what extent.[1]

**So Ordered.**

Dated:  February 15, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

---

[1] The Court notes that "[a] habeas petitioner bears the burden of establishing the basis for equitable tolling," and must show not only "that some extraordinary circumstance stood in his way and prevented timely filing," but also "that he has been pursuing his rights diligently."  *Ramos-Martinez*, 638 F.3d at 323 (internal quotation marks omitted).